**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0129-22

IN THE MATTER OF J.M.,[1]
POLICE OFFICER (S9999A),
CITY OF ELIZABETH.

_____

Argued January 8, 2024 – Decided April 8, 2024

Before Judges Berdote Byrne and Bishop-Thompson.

On appeal from the New Jersey Civil Service Commission, Docket No. 2022-681.

Stephen B. Hunter argued the cause for appellant J.M. (Detzky, Hunter & DeFillippo, LLC, attorneys; Stephen B. Hunter, of counsel and on the brief).

Brian D. Ragunan, Deputy Attorney General, argued the cause for respondent New Jersey Civil Service Commission (Matthew J. Platkin, Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Brian D. Ragunan, on the brief).

William R. Holzapfel, City Attorney, attorney for respondent City of Elizabeth, joins in the brief of respondent New Jersey Civil Service Commission.

---

[1] To maintain confidentiality, we identify petitioner by initials.

PER CURIAM

Petitioner J.M. appeals from an August 3, 2022 final administrative decision of the Civil Service Commission (Commission), upholding the City of Elizabeth's (City) removal of his name from a 2021 eligible list for police officer based on a psychological disqualification. We affirm based on the facts and circumstances of petitioner's appeal.

I.

The facts are undisputed. On April 15, 2021, the Commission certified J.M. to the eligible list for the employment of police officers in the City. After the Commission's certification, the City referred J.M. for a pre-appointment psychological evaluation, which was conducted on June 25, 2021 by Dr. Richard P. Cevasco. Three days later, the City notified J.M. that he was deemed not psychologically suitable for employment with the City as a police officer.

J.M. filed an appeal with the Commission on September 15, 2021, prior to receiving notification that he had been removed from the eligible list. The next day, the City requested the removal of J.M.'s name from the eligible list and J.M. received notice of his removal. Thereafter, in a September 24, 2021 letter, the Commission acknowledged receipt of J.M.'s appeal and notified the parties that submissions were due twenty days from the date of the Commission's

A-0129-22

notice.  J.M. was also advised that he had ninety calendar days from September 15, the filing date of the appeal, to submit a report and recommendation from a New Jersey licensed psychologist or psychiatrist to support his appeal pursuant to N.J.A.C. 4A:4-6.5(e).  Thus, J.M.'s report was due on December 14, 2021. J.M. was also told that any request for an extension of time must be in writing, stating reasons for the extension, and would be granted only for good cause.

On October 8, 2021, the City sent copies of the pre-appointment psychological evaluation and tests to the Commission and J.M.  The Commission confirmed with J.M.'s counsel that an independent psychological report was due on December 14, 2021.  Additional copies of J.M.'s test and background were sent by email to his counsel on November 8, 2021.

On December 3, 2021, J.M. requested an extension to January 10, 2022, to file his independent psychological report, stating that he was "just able to schedule an evaluation with Dr. David Gallina for December 8, 2021."

In reply to J.M.'s December 3 letter, the Commission requested that J.M. provide specific reasons for the delay in filing his independent report by December 17.  In a certification dated December 16, J.M. stated that the extension was needed to file the report because he was unable to schedule the

interview and testing with Dr. Gallina until he paid the retainer in full and he "fail[ed] to quickly take care of the financial arrangements."

In a January 7, 2022 letter, the Commission denied J.M.'s extension request, determining that monetary issues did not constitute good cause to extend the time to file an independent psychological report. The letter informed J.M. that his appeal file had been closed because he had not presented documentation within the "[ninety-day] timeframe allowed to refute the findings of his pre-appointment psychological evaluation, [and] there was no basis to disturb the determination of the [City]."

Three days later, on January 10, 2022, J.M. submitted Dr. Gallina's neuropsychiatric report to the Commission. According to the report prepared on January 4, 2022, Dr. Gallina evaluated J.M. on December 8, 2021 reviewed Dr. Cevasco's report, and opined that J.M. was "psychologically a suitable candidate" for the position of police officer. In a letter accompanying Dr. Gallina's report, J.M.'s counsel acknowledged the Commission denied his extension request but claimed the City granted an extension. We note, however, neither a copy of J.M.'s adjournment request nor the City's grant of the extension request was submitted in the record on appeal. J.M. also requested that the Commission reconsider the closure of his appeal.

A-0129-22

On August 3, 2022, the Commission issued a final administrative decision, upholding the City's removal of J.M. from the eligible list. In reviewing the good cause exception for the filing requirements of the rebuttal report, the Commission explained the regulatory purpose and the effect of the COVID-19 pandemic on the administrative regulations. The Commission noted that N.J.A.C. 4A:6-5(f) states the Commission may extend the time period for filing the required reports for good cause. Citing Executive Order 103 Section 6 (Apr. 9, 2020), 52 N.J.R. 971(a) (May 4, 2020) issued by Governor Murphy in connection with the COVID-19 pandemic, the Commission temporarily relaxed the timeframes for administrative appeals. The Commission explained that effective April 9, 2020, N.J.A.C. 4A:6-5(e) was modified to include a good cause provision like N.J.A.C. 4A:6-5(f). In that regard, N.J.A.C. 4A:4-6.5(e) was modified to read: "The appellant may submit to the [Commission] a report from a New Jersey licensed physician, psychologist, or psychiatrist of his or her own choosing, which must be submitted within [ninety] calendar days, which may be extended for good cause, of the filing of his or her appeal to the Commission."

After considering the regulations and the reports prepared by Dr. Cevasco and Dr. Gallina, the Commission concluded J.M. had not demonstrated good

cause to extend the ninety-day timeframe for J.M. to file a rebuttal psychological report. It determined that J.M. "continue[d] to exhibit a lack of judgment 'in being able to make reasonable decisions" and "being able to appreciate the consequences of his decisions" as determined by Dr. Cevasco. It explained J.M. was "fully aware" of the December 14 due date, was responsible for securing a psychological report as soon as his appeal was filed and addressing any contingencies to meet the ninety-day timeframe to prevent dismissal of the appeal. It also determined that even if the City had agreed to an extension, the ninety-day timeframe is a "regulatory period," and iterated that it did not find good cause to extend the filing deadline.

The Commission rejected J.M.'s argument regarding the timing of the City's submission as a basis to reopen his appeal and accept Dr. Gallina's report. It determined the City had submitted the pre-appointment psychological report in a "timely manner" and later followed by additional tests and documents. Noting the remedy for a successful petitioner to a disqualification is a "mandated appointment to the position with a retroactive date of appointment for salary and seniority purposes," the Commission denied J.M.'s request to continue his appeal because it was "prejudicial to the City, and potentially a current employee."

6

II.

On appeal, J.M. argues the Commission's denial of his request for an extension to file his rebuttal psychological report was arbitrary, capricious, and unreasonable. We conclude J.M.'s arguments are unavailing.

"Judicial review of quasi-judicial agency determinations is limited." Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). "[A]n appellate court reviews agency decisions under an arbitrary and capricious standard." Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). "An agency's determination on the merits will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo, 206 N.J. at 27) (internal quotation marks omitted). The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

"We have recognized the term, 'good cause,' evades a precise definition." Estate of Semprevivo v. Lahham, 468 N.J. Super. 1, 14 (App. Div. 2021) (citing Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007)). To that end,

A-0129-22

we have described the concept as: "Good cause is an amorphous term, that . . . is difficult of precise delineation." Ghandi, 390 N.J. Super. at 196. "Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the [] rule being applied." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 384 (App. Div. 2011) (quoting Ghandi, 390 N.J. Super. at 196).

Here, the Commission properly concluded that J.M. failed to establish good cause to extend the filing deadline for his rebuttal report. We agree with the Commission that J.M. was "fully aware" of the December 14 filing date; and as such, he was obliged to meet the date unless good cause was shown to extend the date. J.M.'s self-generated financial planning hindered his ability to make a timely appointment with Dr. Gallina, leading to the late preparation and submission of his rebuttal report. We hold the Commission appropriately determined that J.M. failed to show good cause for an extension in filing his rebuttal report.

We are also satisfied with the Commission's denial of J.M.'s request to reopen his appeal after considering the facts and circumstances of his appeal. The record shows the Commission appropriately weighed and considered the prejudice to the City and any officer hired by the City after J.M.'s removal from

the list. As correctly noted by the Commission, if successful in his appeal, the City would be "mandated" to appoint J.M. to the position with a retroactive date of appointment for salary and seniority even if it required the displacement of an officer hired after J.M. was removed from the list.

Having considered the record and governing principles, we conclude that J.M. has failed to establish the Commission's final agency decision was arbitrary, capricious, and unreasonable. We, therefore, we see no reason to disturb the Commission's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION